**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**CHALMERS SUMRALL** **PLAINTIFF**

**v.** **NO. 1:26-CV-104-RPC-DAS**

**ATMOS ENERGY CORPORATION, et al.** **DEFENDANTS**

**ORDER**

Now before this Court is the Unopposed Motion to Intervene [40] filed by Zurich American Insurance Company (Zurich) on October 28, 2026. Zurich is the workers' compensation insurance carrier for Taylor Construction Company, Inc., the employer of Sean Woodland.

Zurich submits that it is entitled to intervene as of right in the present case pursuant to Federal Rule of Civil Procedure 24(a)(2)[1] and Mississippi Code Section 71-3-71. Rule 24(a) states:

> [o]n timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Section 71-3-71 further states in relevant part:

> [t]he acceptance of compensation benefits from or the making of a claim for compensation against an employer for the injury . . . of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury . . ., but . . . his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein.

The timeliness of a motion to intervene is considered based on four factors: "the length of the time the movant waited to file, the prejudice to the existing parties from any delay, the prejudice

[1] Zurich allege that it "satisfies both Rule 24(a)(1) and Rule 24(a)(2)" in its Memorandum in Support [41, pg. 1, 2]. Rule 24(a)(1) mandates the court to allow intervention of anyone who "is given an unconditional right to intervene by federal statute." Zurich does not identify any federal statute that gives it an unconditional right to intervene, nor is this Court aware of one. Therefore, Zurich does not satisfy Rule 24(a)(1), but it may proceed with a showing under Rule 24(a)(2). The Court cautions Zurich here at the outset to carefully review its submissions to this Court.

to the movant if intervention is denied, and any unusual circumstances." ***Rotstain v. Mendez***, 986 F.3d 931, 937 (5th Cir. 2021) (citing ***Stallworth v. Monsanto Co.***, 558 F.2d 257, 264-66 (5th Cir. 1977)). Zurich states that "[t]his action is in its early stages. No judgment has been entered and no settlement proceeds have been disbursed. Zurich's motion is timely, and intervention will not delay the proceedings or prejudice any party." [41, pg. 3]. While the Court agrees with this contention, Zurich fails to cite any relevant law in support of its position that the motion is timely. Instead, Zurich cites ***Sierra Club v. Glickman***, 82 F.3d 106 (5th Cir. 1996)—a case which does not discuss the timeliness of a motion to intervene in any substantive manner. The Court does note, however, that the timeliness factors weigh in favor of Zurich's proposed intervention—most importantly that there will be no prejudice to the existing parties.

Zurich must also demonstrate that it has an interest in the action that would be harmed without its intervention and that its interest is not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). Pursuant to Section 71-3-71, Zurich maintains that it has "a statutory subrogation and reimbursement interest in any recovery . . . for the same injuries for which Zurich has paid benefits." [41, pg. 3]. The Court agrees. Section 71-3-71 states that "if recovery shall be had against such other party, . . ., the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits . . . ." Zurich also argues that "[t]he burden to show inadequate compensation is minimal." [2] Indeed, "[t]he court should 'liberally construe[]' the test for mandatory intervention and 'allow intervention where no one would be hurt and the greater justice could be attained.'" ***Rotstain***, 986 F.3d at 937 (quoting ***Tex. v. United States***, 805 F.3d 653, 656-57 (5th Cir. 2015)). In liberally construing the test for mandatory intervention, the Court finds

[2] Again, Zurich cites ***Sierra Club***, 82 F.3d 106, for this proposition—which is not contained anywhere in that case.

that Zurich's interest is not adequately represented by the existing parties. Therefore, Zurich will be permitted to intervene in the present case.

The Court notes that the Motion [40] claims to be unopposed. Therefore, the Court ORDERS that the Motion to Intervene [40] is hereby **GRANTED**. A Case Management Order [38] has been entered in this case and Zurich must abide by the deadlines set out in that Order [38] in order to avoid any delay or prejudice to the existing parties. Zurich is further directed to file its Intervenor Complaint (attached as Exhibit 1 to [40]) on or before November 2, 2026.

SO ORDERED, this the 30th day of October, 2026.

Robert P. Chamberlin
**UNITED STATES DISTRICT JUDGE**